**JUDGE COTE**

FILE COPY

05 cv 0369

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,
by ELIOT SPITZER, ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

                Plaintiffs,

    --against--

MACY'S EAST, INC.,

               Defendant.
------------------------------------------------------X

COMPLAINT

The People of the State of New York, by and through their attorney, Eliot Spitzer, Attorney General of the State of New York, as and for their complaint, allege, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is a case about Macy's East, Inc.'s ("Macy's") asset protection policies and practices. Macy's security employees have focused their attention on black and Hispanic customers of Macy's, resulting in a disproportionate number of such customers being surveilled, stopped, and/or questioned as compared to white customers. Macy's itself has not adequately monitored the conduct of its security employees to prevent and remedy these practices. Further, Macy's handcuffing policies and practices have had a disparate impact on black and Hispanic detainees. Seeking to enjoin this conduct and to protect the rights of black and Hispanic residents throughout the State, the Attorney General of the State of New York, on behalf of the People of the State of New York ("Plaintiffs"), brings this action pursuant to federal and state law.

2. Plaintiffs' federal claims arise under 42 U.S.C. §§ 1981 and 1982; their state claims arise under N.Y. Executive Law § 296 and N.Y. Civil Rights Law § 40.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3) for claims brought under the United States Constitution and federal laws and under 28 U.S.C. § 1367 for Plaintiffs' state claims.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiffs, the People of the State of New York, are represented by their chief legal officer, Eliot Spitzer, Attorney General of the State of New York. Where, as here, the interests and well being of the people of the State of New York as a whole are implicated, the Attorney General possesses *parens patriae* authority to commence legal actions in federal court for violations of federal, state and local laws.

6. The Attorney General employs his *parens patriae* authority to protect black and Hispanic residents of the State of New York. Absent action by the Attorney General, some of these persons will be unable to vindicate their rights and will, collectively, suffer irreparable harm. Thus, the People of the State of New York cannot obtain complete relief through a private lawsuit by individual plaintiffs.

7. The State has an interest in preventing and remedying discrimination. Discrimination threatens the moral and social fabric of the State and its citizens and causes direct economic injury to the State.

8. Defendant Macy's East, Inc. is an Ohio corporation with its corporate headquarters

2

located at West 34th Street, New York, New York 10001. Macy's East operates Macy's stores throughout the East Coast of the United States, including approximately 29 stores geographically located in the State of New York.

## FACTUAL ALLEGATIONS

9. For the period 2000-2004, at a sample of stores in New York State, data show that the percentage of non-white detainees far exceeds the percentage of non-whites among customers at Macy's stores.

10. Further, the percentage of non-whites among those arrested at Macy's for shoplifting is far greater than the percentage of non-whites arrested for petit larceny either in the municipalities in which Macy's stores are located or at retailers comparable to Macy's in those municipalities.

11. Therefore, the high percentage of blacks and Hispanics among detainees and arrestees at Macy's does not merely reflect the percentage of blacks and Hispanics who are shoplifters in the vicinity where the Macy's stores are located.

12. Complaints from customers also indicate that black and Hispanic customers are subjected to excessive scrutiny by Macy's security employees. For example, several customers have complained that they were subjected to intrusive searches after security alarms sounded upon their exiting the store, while similarly situated white customers who set off the alarms were allowed to exit. Similarly, other black and Hispanic customers have complained of being followed, questioned, and/or searched because of their race or ethnicity.

13. Macy's has a policy of handcuffing all detainees in several of its New York City stores.

This policy has a disparate impact on black and Hispanic customers, because most shoppers in these stores (and by extension, most detainees) are black or Hispanic. This policy cannot be justified because Macy's instead should handcuff detainees based on individualized assessments of their dangerousness.

14. At one store in the sample, black and Hispanic detainees were handcuffed at a substantially higher rate than white detainees. This disproportionate handcuffing rate cannot be explained by measurable factors other than race or ethnicity.

15. Macy's has not adequately monitored the conduct of its security employees, and therefore is legally responsible for their actions.

16. The conduct of Macy's security employees has caused blacks and Hispanics in New York State irreparable harm.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1981

17. Under 42 U.S.C. § 1981(a), "all persons . . . shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

18. The conduct of Macy's security employees in subjecting blacks and Hispanics to excessive scrutiny has interfered with their ability to contract with Macy's and has deprived them of the full and equal benefits of laws and proceedings.

19. Macy's has failed to monitor its security employees adequately, and therefore is responsible for their conduct.

20. Macy's has thereby violated, and continues to violate, 42 U.S.C. § 1981.

4

## SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1982

21. Under 42 U.S.C. § 1982, "all citizens . . . are entitled to the same right . . . as is enjoyed by white citizens . . . to purchase . . . personal property."

22. The conduct of Macy's security employees in subjecting blacks and Hispanics to excessive scrutiny has interfered with their ability to purchase Macy's property.

23. Macy's has failed to monitor its security employees adequately, and therefore is responsible for their conduct.

24. Macy's has thereby violated, and continues to violate, 42 U.S.C. § 1982.

## THIRD CAUSE OF ACTION:
## N.Y. EXECUTIVE LAW § 296

25. Under N.Y. Executive Law § 296(2)(a), places of public accommodation cannot deny any of the "accommodations, advantages, facilities or privileges thereof" based on a person's race or national origin.

26. N.Y. Executive Law § 292(9) defines the places of public accommodation to which section 296(2)(a) applies to include "retail stores and establishments" such as Macy's.

27. The conduct of Macy's security employees in subjecting blacks and Hispanics to excessive scrutiny has denied them the privileges of a place of public accommodation based on their race and/or national origin.

28. In certain stores, Macy's handcuffing policies have had a disparate impact on black and Hispanic detainees.

29. In one store, Macy's security employees' handcuffing practices have discriminated against black and Hispanic detainees.

30. Macy's has failed to monitor its security employees adequately, and therefore is responsible for their conduct.

31. Macy's has thereby violated, and continues to violate, N.Y. Executive Law §296.

### FOURTH CAUSE OF ACTION: N.Y. CIVIL RIGHTS LAW § 40

32. Under N.Y. Civil Rights Law § 40, places of public accommodation cannot "withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof" based on a person's race or national origin.

33. N.Y. Civil Rights Law § 40 defines places of public accommodation to include "retail stores and establishments" such as Macy's.

34. The conduct of Macy's security employees in subjecting blacks and Hispanics to excessive scrutiny has denied them the privileges of a place of public accommodation based on their race and/or national origin.

35. In one store, Macy's security employees' handcuffing practices have discriminated against black and Hispanic detainees.

36. Macy's has failed to monitor its security employees adequately, and therefore is responsible for their conduct.

37. Macy's has thereby violated, and continues to violate, N.Y. Civil Rights Law § 40.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

a) Declare, pursuant to 28 U.S.C. §§ 2201 and 2202, that Macy's has violated 42 U.S.C. § 1981, 42 U.S.C. § 1982, N.Y. Executive Law § 296, and N.Y. Civil Rights Law § 40;

b) Enjoin Defendant's unlawful asset protection practices, and order Defendant to implement policies and procedures sufficient to prevent and address unlawful conduct in the future;

c) Award Plaintiffs compensatory damages pursuant to 42 U.S.C. § 1988(a) and N.Y. Executive Law § 297(9);

d) Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b); and

e) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: New York, New York
January 14, 2005

ELIOT SPITZER
Attorney General of the
  State of New York
120 Broadway
New York, New York 10271
(212) 416-8693
Counsel for Plaintiffs

By: _____
DENNIS PARKER (DP-1531)
Bureau Chief, Civil Rights Bureau
NATALIE WILLIAMS (NW-5157)
Deputy Bureau Chief, Civil Rights Bureau
HILARY B. KLEIN (HK-0125)
BRIAN KREISWIRTH (BK-1545)
LEAH GRIGGS-PAULY (LGP-0961)
Assistant Attorneys General